Slip Op. 19-61

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| POSCO,<br><br>    Plaintiff,<br><br>NUCOR CORPORATION,<br><br>    Consolidated Plaintiff,<br><br>ARCELORMITTAL USA LLC and SSAB ENTERPRISES LLC,<br><br>    Plaintiff-Intervenors,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>SSAB ENTERPRISES LLC, NUCOR CORPORATION, ARCELORMITTAL USA LLC and POSCO,<br><br>    Defendant-Intervenors. | Before: Gary S. Katzmann, Judge<br>Consol. Court No. 17-00137 |

## OPINION

[Plaintiff's motion for reconsideration is granted in part and Commerce's Final Results are remanded consistent with this opinion.]

Dated: May 20, 2019

Brady W. Mills, Donald B. Cameron, Julie C. Mendoza, R. Will Planert, Brady W. Mills, Mary S. Hodgins, Eugene Degnan, and Ragan W. Updegraff, Morris, Manning & Martin LLP, of Washington, DC, for plaintiff and defendant-intervenor *POSCO*.

Christopher Weld, Alan H. Price, and Adam M. Teslik, Wiley Rein, LLP, of Washington, DC, for consolidated plaintiff and defendant-intervenor *Nucor Corporation*.

  Kelly A. Krystyniak, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant *United States*. With her on the brief were

Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, Tara K. Hogan, Assistant Director, and Vito S. Solitro, Attorney. Of counsel on the brief was Reza Karamloo, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Katzmann, Judge:  Before the court is Plaintiff POSCO's motion for reconsideration of the court's opinion in POSCO v. United States, 42 CIT __, 353 F. Supp. 3d 1357 (2018).  This court sustained in part the United States Department of Commerce's ("Commerce") final affirmative determination in the countervailing subsidy investigation of certain carbon and alloy steel cut-to-length plate from Korea.  The court also remanded Commerce's countervailability determination for POSCO M-Tech's research and development grants and Commerce's application of the highest adverse facts available ("AFA") rate for reconsideration.  POSCO, 353 F. Supp. 3d at 1363–64 (citing Certain Carbon and Alloy Steel Cut-To-Length Plate From the Republic of Korea: Final Affirmative Countervailing Duty Determination and Final Negative Critical Circumstances Determination, 82 Fed. Reg. 16,341 (Dep't Commerce Apr. 4, 2017), P.R. 505 and accompanying Issues and Decision Memorandum ("IDM") (Mar. 29, 2017), P.R. 497).  The relevant legal and factual background of the underlying action is set forth in greater detail in POSCO, 353 F. Supp. 3d at 1363–69.  POSCO now moves for the court to reconsider its affirmance of (1) Commerce's application of the 1.05 percent AFA rate to POSCO M-Tech for unreported government subsidies received by Ricco Metal and Nine-Digit, both companies acquired by POSCO M-Tech; and (2) Commerce's application of the 1.05 percent AFA rate to Hyundai and attribution of this rate to POSCO.  The court addresses each in turn and issues additional remand instructions to Commerce.

I. **Commerce's Application of the 1.05 Percent AFA Rate to POSCO**

In POSCO, the court concluded that Commerce failed to make factual findings on the specificity and benefit requirements of 19 U.S.C. § 1677(5) and remanded to Commerce for reconsideration its determination that the assistance received by Ricco Metal and Nine-Digit was

countervailable. 353 F. Supp. 3d at 1376. See also Changzou Trina Solar Energy Co., Ltd. v. United States, 40 CIT __, __, 195 F. Supp. 3d 1334, 1350 (2016). The court did, however, uphold Commerce's decision to use the countervailing duty rate from a different investigation, Washers from Korea. POSCO, 353 F. Supp. 3d at 1377.

POSCO now revisits the AFA methodology Commerce used in determining that it would apply a 1.05 percent rate established for a tax credit program in Washers from Korea. Mot. of Pl. POSCO for Reh'g. and Recons. at 2–3, Dec. 21, 2018, ECF No. 83 ("POSCO's Mot."). POSCO argues that under Commerce's hierarchal AFA methodology, Commerce needed to first determine whether there was an identical program with an above-zero rate within the same investigation before considering rates from other countervailing duty proceedings. Id. at 2–4. POSCO maintains that Ricco Metal and Nine-Digit received assistance under the Industrial Technology Innovation Promotion Act ("ITIPA"), and the .02 percent rate received by POSCO for another ITIPA grant from the same investigation should apply. Id. That is, POSCO argues that there is an identical program with an above-zero rate, and thus Commerce should have applied that rate.

Commerce set forth its AFA rate methodology in the IDM:

> When selecting rates, we first determine if there is an identical program in the investigation and, if so, use the highest calculated rate for the identical program (excluding zero rates). If there is no identical program with a rate above zero in the investigation, we then determine if an identical program was examined in another CVD proceeding involving the same country, and apply the highest calculated rate for the identical program (excluding rates that are *de minimis*). If no identical program exists, we then determine if there is a similar/comparable program (based on the treatment of the benefit) in another CVD proceeding involving the same country, and apply the highest calculated rate for the similar/comparable program.

IDM at 11. See also 19 U.S.C. § 1677e(d)(1)(A). Commerce then applied this methodology to the assistance received by Ricco Metal and Nine-Digit, concluding that there was no identical program and instead using the rate for Washers from Korea. In its response brief in POSCO, the

Government contended that, "[b]ecause Commerce must 'verify all information relied upon in making . . . a final determination in an investigation,' Commerce properly disregarded POSCO M-Tech's statements regarding the nature of the subsidies at issue for purposes of selecting an adverse facts available rate." Def.'s Br. at 35, Mar. 23, 2018, ECF No. 53 (citing 19 U.S.C. § 1677m(i)(1)). The Government now argues that "POSCO's request for reconsideration ignores the [c]ourt's affirmance of Commerce's finding that POSCO had not identified an identical program." Def.'s Resp. to POSCO's Mot. ("Def.'s Resp.") at 4–5, Mar. 23, 2018, ECF No. 89.

Upon further consideration of the pleadings and record, the court concludes that Commerce did not make the requisite factual findings to proceed to the second step of its AFA analysis. In the IDM, Commerce noted POSCO's Rebuttal Comment: "Should the Department treat this program as unreported R&D grants, it should not use the 1.05 percent ad valorem rate that Nucor argues for, but rather, per Department practice, the 0.02 percent ad valorem rate calculated for POSCO's ITIPA grants at the Preliminary Determination." IDM at 41. Commerce then concluded that:

> Consistent with the CVD AFA hierarchy, which directs us to seek the highest non-*de minimis* rate calculated for the same or similar program in another CVD proceeding involving Korea if there is no identical program in this proceeding, we determine that it is appropriate to apply, as AFA, a rate of 1.05 percent *ad valorem*, the subsidy rate calculated for an income tax program in Washers from Korea.

Id. at 44 (emphasis added). Commerce did not provide any additional explanation of how it determined that there was no identical program before moving to the second step of its AFA methodology -- using the rate in another investigation -- and thus did not make the requisite factual findings to address POSCO's contention that the ITIPA grant was an identical program in the proceeding. "Commerce must . . . point to actual information on the record to make required factual determinations." Trina Solar, 195 F. Supp. 3d at 1350 (citing 19 U.S.C. §§ 1677e(a)-(c)).

The Government's contention that there was no identical program because POSCO did not submit the requisite information prior to verification for Commerce to establish what type of assistance Ricco Metal and Nine-Digit may hold, but it must make the required factual determinations and explain its conclusion. The court, therefore, remands the issue of whether an identical program existed to Commerce for further consideration.

II. **Commerce's Application of the 1.05 Percent AFA Rate to Hyundai and Attribution of the Rate to POSCO**

POSCO contends that the court overlooked an important argument it made "about attributing the Hyundai AFA rate to POSCO based on the ratio of Hyundai's exports to the United States of subject merchandise that was produced by POSCO during the [period of investigation] (based on value)." POSCO's Mot. at 6. The Government, however, argues "[t]hat the Court did not specifically address POSCO's argument with regard to apportioning benefits does not mean that the Court overlooked it; it means that the Court was not persuaded by it." Def.'s Resp. at 5. Defendant-Intervenor Nucor, likewise, argues that the opinion clearly indicates that the court "was not persuaded by the argument and did not feel that separate discussion was necessary to support its holding." Nucor's Resp. to POSCO's Mot. at 5, Jan. 25, 2019, ECF No. 86. The court did consider POSCO's argument and was not persuaded. See Medtronic, Inc. v. Daig Corp., 789 F.2d 903, 906 (Fed. Cir. 1986) (noting that a court need not address every sub-argument so long as it articulates its reasoning). The court affirmed -- and continues to affirm -- the application of AFA to Hyundai and the attribution of that rate to POSCO, POSCO, 353 F. Supp. 3d at 1381–82, and denies POSCO's motion to reconsider the court's decision on this claim.

## CONCLUSION

The court remands to Commerce for further consideration the issue of whether, under the first step of the AFA methodology, a program identical to the assistance received by Nine-Digit

and Ricco Metal existed and denies POSCO's motion to reconsider the application of AFA to Hyundai and the attribution of that rate to POSCO. The court denies POSCO's motion for a rehearing on both issues. Commerce shall file with this court and provide to the parties its remand results within 21 days of the date of this order; thereafter, the parties shall have 30 days to submit to the court briefs addressing the revised final determination and the parties shall have 15 days thereafter to file reply briefs with the court.

    **SO ORDERED.**

                                                                                                   */s/   Gary S. Katzmann*
                                                                                               Gary S. Katzmann, Judge

Dated: <u>May 20, 2019</u>
       New York, New York